NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NAGUI MANKARUSE,**
*Plaintiff-Appellant*

**v.**

**INTEL CORPORATION, ACER AMERICA CORPORATION, DANIEL PATRICK DOCTER, MATTHEW ROBERT HULSE, ANDY D. BRYANT, DOES 1-10, INCLUSIVE,**
*Defendants-Appellees*

---

2020-2297

---

Appeal from the United States District Court for the Central District of California in No. 8:19-cv-01902-DOC-JDE, Judge David O. Carter.

---

Decided:  May 7, 2021

---

NAGUI MANKARUSE, Huntington Beach, CA, pro se.

PETER GRATZINGER, Munger Tolles and Olson LLP, Los Angeles, CA, for defendants-appellees.

---

Before TARANTO, LINN, and CHEN, *Circuit Judges.*

TARANTO, *Circuit Judge*.

Nagui Mankaruse, proceeding *pro se*, brought this action in district court against Intel Corporation, Acer America Corporation, and a host of Intel employees in their personal capacity (collectively, Intel), alleging patent infringement and trade-secret misappropriation. Having defended against similar, and in large part the same, claims by Mr. Mankaruse in California state courts three times before, Intel asked the district court for, and received, an order deeming Mr. Mankaruse a vexatious litigant, requiring him to seek court permission before filing further cases against it, and also requiring him to post a $25,000 security bond before proceeding with the present case. *See* Order, *Mankaruse v. Intel Corp.*, No. 8:19-cv-01902-DOC (C.D. Cal. Jan. 27, 2020), ECF No. 34; Intel Appx. 1–2. Mr. Mankaruse failed to post the required bond, and the district court dismissed this case. We affirm.

I

The district court's order in this case expressly relied on its similar, more extensively explained order in *Mankaruse v. Raytheon Co.*, No. 8:19-cv-01904-DOC, 2020 WL 2405258, at *1 (C.D. Cal. Jan. 23, 2020) (*Raytheon Pre-Filing Order*). *See* Intel Appx. 1 ("The Court adopts the legal and factual findings in [the *Raytheon*] order to **GRANT** Defendant's Motion here."). In fact, the order in this case expressly covers the Raytheon defendants as well as the defendants in this case. Intel Appx. 1–2. Today we affirm the *Raytheon Pre-Filing Order*. *Mankaruse v. Raytheon Co.*, No. 2020-2309 (Fed. Cir. May 7, 2021). We rely here on our opinion in the *Raytheon* matter.

Mr. Mankaruse filed this action in the Central District of California in October 2019. *See* Complaint, *Mankaruse v. Intel Corp.*, No. 8:19-cv-01902 (C.D. Cal. Oct. 3, 2019), ECF No. 1. The action, for infringement of a U.S. patent and a Canadian patent and for trade-secret misappropriation, is nearly identical to the *Raytheon* action, which Mr.

Mankaruse filed the same day.  Previously, Mr. Mankaruse had sued Intel three times in state court, asserting various claims for trade-secret misappropriation, breach of contract, and torts, based on purported disclosures of trade secrets and of the technology described in the two patents that he made to Intel as early as 2004.  *See* Intel Appx. 45 ¶ 22, 49 ¶ 30; *see also Mankaruse v. Intel Corp.*, Case No. 30-2016-00884058 (Orange Cnty. Super. Ct. filed Oct. 31, 2016); *Mankaruse v. Intel Corp.*, Case No. 30-2018-00971116 (Orange Cnty. Super. Ct. filed Feb. 2, 2018); *Mankaruse v. Intel Corp.*, Case No. 30-2018-00971179 (Orange Cnty. Super. Ct. filed Feb. 2, 2018).  The second and third cases were filed only three weeks after the state court dismissed Mr. Mankaruse's claims in the first case (but before that judgment was final) and consisted of separated claims that he had filed in his first case.  *See* Intel Appx. 388 (final judgment in Case No. 30-2016-008848058); *id.* at 320, 395 (complaints in additional cases).  Of importance here, Mr. Mankaruse also had filed numerous unsuccessful lawsuits on similar claims against Raytheon between 2013 and 2017.  *See Mankaruse v. Raytheon Co.*, slip op. at 2–5. The history of suits against Raytheon alone, we hold today, supported a determination of vexatiousness, a pre-filing-approval order, and a bond requirement.  *Id.* at 6–11.

In the present case, on January 3, 2020—after Mr. Mankaruse had filed an amended complaint in this matter and Raytheon had sought the vexatiousness determination, pre-filing-approval, and bond relief in the case against it—Intel sought the same determination and relief here. Intel Appx. 170–80.  In its motion, Intel referred the court to Raytheon's motion, electing "not [to] repeat the history of [Mr. Mankaruse's] unsuccessful state court actions against Raytheon and Intel" set forth in Raytheon's motion and "fully adopt[ing]" those facts, while supplementing them with Intel-specific background.  *Id.* at 175.

On January 21, 2020, the district court held a "hearing" regarding both the Intel and Raytheon motions, Intel Appx.

760 (transcript first page showing captions for both cases) *see id.* at 761–63 (listing counsel for both bases), during which Mr. Mankaruse and counsel for both Intel and Raytheon were present, and the court invited Mr. Mankaruse to argue first, with counsel for both defendants to respond afterwards, *id.* at 769; *see also id.* at 761–93. Mr. Mankaruse argued first, and the court then invited Raytheon's counsel to present argument on the vexatious litigant motion, *id.* at 775–79, before providing Mr. Mankaruse an opportunity for rebuttal, *id.* at 779–82. At that time the court had to end the day's hearing, and Intel, not having presented its argument on the substance of its motion, stated that its motion had a separate hearing date set for February 3, 2020, but it "rel[ied] on the same arguments as the Raytheon defendants." *Id.* at 791. The court, seemingly concerned not to deny Intel a full opportunity to argue its case, indicated that it anticipated seeing Intel, and Mr. Mankaruse for rebuttal, on February 3. *Id.*

On January 23, 2020, evidently not seeing a need to hear more from Intel, the district court gave the same relief to Intel in this case that it gave, the same day, to Raytheon, relying on the explanation set out in the *Raytheon Pre-Filing Order*. *Id.* at 1–2. It found Mr. Mankaruse a vexatious litigant. It required pre-filing approval of pro se cases against Intel (and, even in this order, against Raytheon). And it required a bond of $25,000—over and above the bond in the same amount required in the *Raytheon* matter. When Mr. Mankaruse failed to post the bond in the time specified, the district court dismissed the claims and entered a final judgment on May 18, 2020. *Id.* at 3–4. We have jurisdiction over Mr. Mankaruse's appeal.

II

A

Mr. Mankaruse argues that the district court failed to provide him an adequate opportunity to be heard specifically on the Intel motions (a contention he has not made

regarding Raytheon's motions).  Mankaruse Opening Br. 10–11.  We reject this argument.

Mr. Mankaruse had notice of Intel's motion and received an opportunity to brief the issue to the district court.  *See* Intel Appx. 473–711.  At the "hearing" on January 21, 2020, both the Intel and Raytheon cases were called, and counsel for both Intel and Raytheon were introduced.  *See id.* at 764–67.  The district court began by giving Mr. Mankaruse the opportunity to present his arguments against the motions, and he did so.  The transcript reveals that Mr. Mankaruse, in making his arguments, discussed both Raytheon and Intel.  *See id.* at 779–82.  He spoke of "three categories" of cases, relating to employment, breach of contract, and intellectual property, and stated that one of those "categories"—the trade-secret claims—related to both Intel and Raytheon.  *Id.* at 773–74 ("The third category was two - - two trade secret cases, one against Intel and one against Raytheon.").  He argued the similarity of Intel and Raytheon for purposes of the motions for security bond.  *Id.* at 781.  The same is true of his briefing on the issue—Mr. Mankaruse repeatedly addressed the issue as a unitary one, related to Raytheon and Intel collectively.  *See, e.g., id.* at 475 (referring to "defendants Intel, et al and Raytheon et al"); *id.* at 477 (discussing "these two groups of defendants in the two Cases").  And Intel, for its part, made clear that it was relying on the same arguments that Raytheon made, *id.* at 175, and Mr. Mankaruse does not complain about his opportunity to respond to Raytheon's arguments.

In these circumstances, we see no prejudicially inadequate opportunity for Mr. Mankaruse to present his case against the motions.  In a related context, the Ninth Circuit has stated that "an opportunity to be heard does not require an oral or evidentiary hearing on the issue," but rather "[t]he opportunity to brief the issue fully satisfies due process requirements."  *Pac. Harbor Capital, Inc. v.*

*Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000).[1] In any event, Mr. Mankaruse had the opportunity to present oral arguments to the court, and he was not restricted to arguing about Raytheon's motion and he did not so restrict his argument. We cannot say that Mr. Mankaruse was not given "an opportunity to oppose the entry of the order." *De Long*, 912 F.2d at 1147.

B

On the merits of the vexatiousness determination and imposition of a pre-filing-approval requirement, we conclude that this case, though different from the Raytheon case, is not different in a way that changes the result. In the Raytheon case, the earlier litigation against Raytheon alone sufficed to support the district court's order. Here, we need not decide whether the earlier litigation against Intel alone—a lesser volume—would support the district court's order. We see nothing in Ninth Circuit law that limits the basis for such an order to litigation directly against the specific defendant, to the exclusion of closely related litigation against others, where the totality augurs further frivolous, harassing, burdensome litigation against the specific party now seeking a pre-filing-approval order.

Mr. Mankaruse mentions the Ninth's Circuit decision in *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057 (9th Cir. 2014). That decision reflects the showing needed to justify an order of this sort. The Ninth Circuit vacated and remanded the district court's pre-filing order, after determining that the substantive findings of frivolousness and harassment were unsupported by the record of the plaintiff's filings, and that the district court had not

---

[1]     The Ninth Circuit relied on *Pacific Harbor* in its decision in *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007), about pre-filing-approval orders.

considered other remedies. *Ringgold-Lockhart*, 761 F.3d at 1064–66. The Ninth Circuit did not restrict the focus to previous filings against the specific defendant.

Here, Mr. Mankaruse's history of litigation against Raytheon provided a concrete basis for finding that there was a sufficiently high probability of harassing, frivolous litigation to justify a pre-filing-approval order (and bond requirement) in his new case against Raytheon. *See Mankaruse v. Raytheon Co.*, slip op. at 6–11. The present case against Intel is nearly identical in subject matter to that case against Raytheon. A similar determination is warranted in this case based on the Raytheon-related pattern, a smaller Intel-related pattern, and the strong overlap of the two cases. Moreover, unlike the district court in *Ringgold-Lockhart*, the district court in this matter (by adoption of the legal and factual findings in the *Raytheon* matter) considered whether other remedies were adequate, but determined, with a sound basis, that they were not, given Mr. Mankaruse's earlier behavior. *Compare Raytheon Pre-Filing Order,* 2020 WL 2405258, at *1, *with Ringgold-Lockhart*, 761 F.3d at 1065 (discussing use of Rule 11 sanctions before resorting to declaring vexatious litigant). Recognizing the importance of limiting pre-filing-approval orders to rare cases, we find no abuse of discretion in this case under Ninth Circuit standards.

C

We see no material difference between this case and the Raytheon case regarding the propriety of the bond or, therefore, the dismissal after Mr. Mankaruse failed to post the required bond in the specified time.

III

For the foregoing reasons, we affirm the district court's dismissal of Mr. Mankaruse's suit against Intel.

The parties shall bear their own costs.

**AFFIRMED**